UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT WAYNE BRAY,                           Case No. 2:11-cv-01128-SI

        Petitioner,                            OPINION AND ORDER

  v.

GUY HALL,

        Respondent.

C. Renee Manes, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state convictions on four counts of Encouraging Child Sexual Abuse in the First Degree.

1 - OPINION AND ORDER

For the reasons which follow, the Petition for Writ of Habeas Corpus (#3) is denied.

## BACKGROUND

Petitioner worked as an inmate-employee at a call center within the Snake River Correctional Institution. In that capacity, he had access to a computer (which was not assigned to anyone else), but he was not permitted to access the internet. In May of 2001, it came to the attention of the prison that another inmate-employee at the call center, Inmate Nemo, was improperly accessing the internet from his computer. He had apparently stolen a supervisor's password to access the internet, downloaded programs, and possibly participated in online chat rooms. This led prison officials to investigate the use of computers by the prison's inmates.

During the course of this investigation, it became apparent that petitioner, too, had stolen a different supervisor's login information and used it to obtain access to the internet. It appeared from the investigation that petitioner had accessed the internet in order to view child pornography. Petitioner readily admitted to accessing child pornography on the prison's computer, but he claimed he was doing so only as part of his attempt to prove his innocence as to prior convictions "because many people each day

2 - OPINION AND ORDER

download child pornography, and are not prosecuted."[1]  Trial Transcript, p. 59.

When authorities ordered the computer work stations locked, petitioner was logged in as staff member Jerry Wolery. Petitioner told staff that he had been using Wolery's password for many months. *Id* at 58. When authorities searched petitioner's computer, it yielded a large amount of pornography including at least 11 images depicting children. It was apparent that petitioner had saved four of those 11 images to a separate folder while leaving the rest in the "unallocated" space of the computer. The pornographic images were burned onto a CD, and the computer's hard drive was cleaned so it could go back into service at the prison.[2] *Id* at 146. A search of petitioner's cell yielded "a lot of pornography pictures, nudist colony magazines, and several catalogs of little girls in formal dress attire" but none of these images matched those found on the computer. *Id* at 21.

Based upon the 11 images found on petitioner's computer, the Malheur Grand Jury indicted him on 11 counts of Encouraging Child Sexual Abuse in the First Degree pursuant to ORS 163.684 and 11 counts of Encouraging Child Sexual Abuse in the Second Degree pursuant to ORS 163.686. Respondent's Exhibit 102. The first

---

[1] Petitioner was in custody at the time due to his prior involvement with child pornography.

[2] At this point, the investigation was only for prison disciplinary purposes, not any criminal prosecution. Trial Transcript, p. 61.

3 - OPINION AND ORDER

degree charges alleged that petitioner knowingly possessed child pornography with the intent to either print those images or display them on a computer screen. Respondent's Exhibit 102.

Petitioner proceeded to a bench trial where, at the close of the State's case, he moved for a judgment of acquittal as to the charges brought pursuant to ORS 163.684. Specifically, he argued that Encouraging Child Sexual Abuse in the First Degree required that he have the intent to print or display the images for publication to a third party. He reasoned that the statute was intended to punish dealers of child pornography, not someone who simply displayed the images to himself on a computer screen. He thus believed he could only be convicted of Encouraging Child Sexual Abuse in the Second Degree. Trial Transcript, pp. 134-135. The trial judge disagreed:

> I think the statute means what it says, and a display means that when somebody can see it, and it doesn't say that you -- you have to display to another person, it just simply says display it. The problem is that we don't know. I mean there's lots of ways he could display this [to] other inmates. It -- there's no evidence that he was doing that, but I did hear some disturbing evidence that he was sending e-mails to people, and so I don't know if -- the possibility's certainly there for printing and displaying. And the other evidence that disturbs me in that regard is the fact that all this stuff -- that he apparently cleaned up the hard drive -- there was evidence that he cleaned the hard drive a couple weeks before all this happened, and the materials were downloaded in the -- or created in the previous few days before this happened. So why did he clean the hard drive, and why were -- since he, assuming his admission that

4 - OPINION AND ORDER

>           he's been doing this for months was true, what
>           happened to that other stuff? Did it go out
>           on the e-mails? Was it printed and sold to
>           other inmates? Who knows, but that would at
>           least be some evidence that would survive a
>           judgment of acquittal that he intended to
>           print or display them. So I'll go ahead and
>           deny your motion on that basis, and -- and you
>           can go forward with your case.

*Id* at 141-42.

The trial court ultimately convicted petitioner of four counts of Encouraging Child Sexual Abuse in the First Degree based upon the four images saved to the separate folder, but acquitted him on this charge as to the seven images found in the computer's unallocated space based on the finding that there was no intent to display the images in the unallocated space. *Id* at 183. The court also convicted petitioner of all 11 counts of Encouraging Child Sexual Abuse in the Second Degree. *Id* at 185. As a result, the trial court sentenced petitioner to sentences totaling 160 months in prison.[3] *Id* at 200-01.

Petitioner took a direct appeal in which he argued, in part, that the trial court erred in denying his Motion for Judgment of Acquittal on the charges brought pursuant to ORS 163.684 because the statute requires that a defendant "display" the images to someone else. Respondent's Exhibit 104, pp. 12-25. The Oregon Court of Appeals concluded that "even if 'intent to display' applies only to situations in which a defendant intends to exhibit

---

[3] This prison sentence was subsequently reduced to 80 months. Respondent's Exhibit 144, p. 3.

5 - OPINION AND ORDER

child pornography to third parties, the same is not true with respect to 'intent to print.'" *Bray*, 197 Or. App. at 17. It further determined that petitioner "failed to preserve any challenge to the sufficiency of the state's proof with respect to whether [petitioner] did, in fact, intent to print the images." *Id.*

Both petitioner and the State sought review in the Oregon Supreme Court, and the Oregon Supreme Court allowed the petition for review. *State v. Bray*, 340 Or. 672 (2006). Petitioner again argued that under either an intent to print or intent to display theory, ORS 163.684 was not intended to incriminate those who simply viewed child pornography for their own personal use, but was instead aimed at those who distribute such material. The Oregon Supreme Court agreed that merely viewing child pornography did constitute a "display" of that material under ORS 163.684, but determined that the intent to print such images would render a defendant guilty under ORS 163.684(1)(a)(A) because it violated the part of the statute intended to target producers of such material. *State v. Bray*, 342 Or. 711, 719-20 (2007).

Just as the Oregon Court of Appeals had done, the Oregon Supreme Court determined that petitioner failed to preserve an argument that there was insufficient evidence of his intent to print the images for his personal use. The Oregon Supreme Court also concluded any such motion would not have been well taken:

6 - OPINION AND ORDER

> [Petitioner] did not argue before the trial court that, if his construction of the statute were incorrect, there was no evidence from which a reasonable trier of fact could find that he intended to print the images of child pornography that he had saved to his hard drive for his own use. As [petitioner] implicitly recognized, there was evidence from which a reasonable trier of fact could find that he had both the means and the intent to print the images saved to his hard drive.

*Id* at 721.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 143. The Oregon Court of Appeals summarily affirmed that decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 146, 149, 150.

Petitioner filed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus on September 19, 2011 raising the following grounds for relief:

> **Ground One:** Ineffective Assistance of Trial Counsel in violation of his rights under Article 1, § 11 and 12 of the Oregon Constitution as well as his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when his trial attorney, Jason Pintler, was deficient in one or more of the following particulars:
>
> (1) Trial counsel failed to act on discovery violations;
>
> (2) Trial counsel failed to allow petitioner to be present at all court proceedings, including a critical pre-trial Motion in Limine hearing;

7 - OPINION AND ORDER

> (3) Trial counsel failed to file motions to suppress otherwise suppressible evidence;
>
> (4) Trial counsel failed to conduct an adequate and thorough investigation; and
>
> (5) Trial counsel failed to object to the destruction of evidence by prosecution (State Police Detective Kent Stuart was responsible for the protection of the hard drive and intentionally destroyed the evidence prior to the beginning of trial proceedings.)

**Ground Two**: Denied Due Process and Equal protection of the law secured by both the Oregon Constitution and the Fourteenth Amendment to the United States Constitution when the prosecution engaged in prosecutorial misconduct in the following particulars:

> (1) State Police Detective Kent Stuart was responsible for the protection of the computer hard drive and intentionally destroyed the evidence prior to the beginning of trial proceedings.

**Ground Three**: ORS 163.684 makes it a crime for any person to possess child pornography with the intent to display the material.

> a. Does the word "display" in ORS 163.684 require an exhibition to another person?
>
> b. and if so, did the state present sufficient evidence that defendant intended to display the child pornography to another person?

**Ground Four**: Did the state present sufficient evidence to support a finding that defendant possessed or controlled the seven computer generated images depicting child pornography recovered from defendant's computer's unallocated space on the hard drive?

**Ground Five**: Is a police detective trained in computer forensics qualified to testify

8 - OPINION AND ORDER

> whether a computer generated image depicts real or virtual images?
>
> **Ground Six**: The Oregon Supreme Court made a ruling against petitioner's issue of acquittal based on supposition and not fact.

Petition for Writ of Habeas Corpus (#3), pp. 5-7.

Respondent asks the court to deny relief on the Petition because: (1) Grounds Two and Six were not fairly presented to the Oregon state courts, and are now procedurally defaulted; (2) Grounds Three(a) and Five fail to state a federal claim; and (3) Grounds One, Three(b) and Four were correctly denied in state court decisions that are entitled to deference.

## DISCUSSION

I. **Unargued Claims**

An application for a writ of habeas corpus shall not be granted unless petitioner can demonstrate that adjudication of a claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 131 S.Ct. 770, 786

9 - OPINION AND ORDER

(2011). Importantly, it is petitioner who is responsible for meeting this substantial burden. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Petitioner's supporting memorandum addresses only sub-claim 4 of Ground One; Ground Two, and Ground Six. Petitioner does not offer any argument to support the remainder of his claims, nor does he attempt to refute the State's arguments as to why these claims do not entitle him to relief. Because petitioner has failed to meet his burden of proof with respect to these issues, sub-claims 1, 2, 3, 5, and 6 of Ground One, and Grounds Three, Four, and Five are denied.

## II. Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context

in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A federal court is also precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar only if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

11 - OPINION AND ORDER

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**A.    Ground Two: Due Process and Equal Protection**

Petitioner alleges that he was denied his rights to due process and equal protection in the form of prosecutorial misconduct when State Police Detective Kent Stuart intentionally destroyed the hard drive evidence prior to the beginning of the trial proceedings. Petitioner did not raise any such claim during his trial and direct review, but he did raise the claim in his PCR Petition. Respondent's Exhibit 120, p. 5.

The PCR trial court specifically rejected this claim as barred by state law, citing to *Palmer v. Oregon*, 318 Or. 352 (1994), *Lerch v. Cupp*, 9 Or. App. 508 (1972), and *Hunter v. Maass*, 106 Or. App. 438 (1991). Respondent's Exhibit 142, p. 12. This line of cases generally holds that, subject to a few narrowly-drawn exceptions not applicable here, a petitioner may not raise a claim in a state post-conviction proceeding which he could have raised during direct review.

Petitioner contends that claims of prosecutorial misconduct are cognizable in federal habeas corpus proceedings, and that Oregon's restriction on exactly when to bring them renders the

12 - OPINION AND ORDER

state corrective process inadequate to protect his rights under 28 U.S.C. § 2254(b)(1)(B)(i). To the contrary, had petitioner brought this claim of prosecutorial misconduct during direct review where he clearly had the opportunity to do so, it would have been properly before Oregon's state courts for adjudication on its merits. However, because petitioner first raised it during his PCR trial, he presented the claim to the PCR trial court in an improper procedural context such that the merits were not considered. As such, he failed to fairly present his claim. Because the time for doing so passed long ago, the claim is now procedurally defaulted.

### B. Ground Six: Denial of Motion for Judgment of Acquittal

As Ground Six, petitioner argues that there was insufficient evidence to convict him of any intent to print the pornographic images, thus his convictions under ORS 163.684(1)(a)(A) violate the Due Process Clause pursuant to *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner made no such objection at trial, and the Oregon Court of Appeals specifically determined that petitioner "failed to preserve any challenge to the sufficiency of the state's proof with respect to whether [petitioner] did, in fact, intend to print the images." *Bray*, 197 Or. App. at 17. The Oregon Supreme Court also concluded that petitioner had not preserved this *Jackson* claim in

the trial court.[4] *Bray*, 342 Or. at 721. Because petitioner may no longer raise this claim in Oregon's state courts, it is procedurally defaulted.

Petitioner argues that he should not be held to this procedural default because he could not possibly anticipate the Oregon Supreme Court's rationale so as to preserve his arguments. The court finds this position to be untenable. Petitioner was charged under ORS 163.684 based upon his "intent to print or display [child pornography] on the computer screen." Respondent's Exhibit 102. If he felt there was insufficient evidence to prove these offenses under an "intent to print" theory, he had the opportunity to challenge this theory in the trial court and on direct appeal. Accordingly, petitioner's default of Ground Six is not excused.

## III. The Merits

### A. Standard of Review

As noted above, an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the

---

[4] While the Oregon Supreme Court also rejected this claim on its merits, this fact does not alter the procedural analysis. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10.

14 - OPINION AND ORDER

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme

15 - OPINION AND ORDER

Court law.  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision.  *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

B.  **Analysis**

In his remaining claim pled in Ground 1(4), petitioner alleges that his trial attorney was constitutionally ineffective when he failed to conduct an adequate and thorough investigation.  Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel.  *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.  The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the

16 - OPINION AND ORDER

result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

As in his Petition for Writ of Habeas Corpus, petitioner alleged in his PCR Petition that trial counsel failed to conduct an adequate and thorough investigation. The PCR trial court made findings relevant to this claim as follows:

> 20. Trial counsel thoroughly investigated, and even hired an expert witness. Trial counsel filed a formal request for discovery. Trial counsel also obtained extraordinary expenses for an expert witness. Trial counsel sought authorization from the court for extraordinary expenses to hire a computer expert, Tommy Smith, for the defense. The court allowed trial counsel's extraordinary expenses request, with the State paying for the defense expert's services.
>
> 21. Trial counsel obtained key evidence for the defense expert to review. Trial counsel filed a motion to compel production of key evidence, including the computer itself. The court granted trial counsel's request and ordered the State to produce the evidence for the defense expert to review. Tommy Smith . . . assisted the defense for at least the maximum amount of time authorized by the court, including his testimony at trial. Mr. Smith provided extensive testimony for the defense at trial. Petitioner has failed in his burden of proof to show any evidence, other than his own testimony, that additional investigation and the fruits of that

17 - OPINION AND ORDER

> investigation would have produced a different result at trial. *Carias v. State of Oregon*, 148 Or. App. 540 (1997). He has failed in his burden of showing prejudice.
>
> 29. Mr. Smith initially claimed that not examining the hard drive affected his investigation. He later admitted, however, that "The original hard drive wouldnt've had a lot more data that either could have or could not have helped the -- defense's case." When asked again by trial counsel if having the entire hard drive available might have been harmful to the defense, Mr. Smith responded with a simple and profound, "Yes." Based on his expert review and analysis, Mr. Smith also agreed, "I think a portion of the images probably were put on the computer by Robert Bray visiting sites." The pictures found in the allocated space of the computer were "saved purposefully, probably to view later." Petitioner has not shown that Mr. Smith's review of the physical hard drive would have found any evidence helpful to the defense in any meaningful way.

Respondent's Exhibit 142, p. 8, 10-11.

In his supporting memorandum, petitioner focuses on counsel's failure to present available evidence at trial that petitioner had no ability to print from the computer to which he was assigned and, knowing this, could not possibly have formed the intent to print necessary to support his convictions under ORS 163.684. He also asserts that because the PCR trial court's decision does not specifically address this aspect of his failure to investigate claim, it is not entitled to deference and warrants habeas corpus relief as it was based upon an unreasonable determination of the facts in light of the evidence presented to it.

18 - OPINION AND ORDER

Because the PCR trial court did not provide any rationale for its decision on this claim, the court shall conduct an independent review of the record. The court does, however, continue to lend deference to the state-court decision denying relief on this claim. *See Richter*, 131 S.Ct. at 784-85.

At his PCR trial, testified that he did not have the ability to print from his computer, and that the hard drive from his machine would have proven this. He argued that trial counsel should have obtained a mirror image of the hard drive from his computer, or send his expert (Tommy Smith) to the State's facility to thoroughly investigate the hard drive. Respondent's Exhibit 140, pp. 13-14. Petitioner acknowledged, however, that at the time Smith went to the State's facility, the hard drive had already been wiped clean and he was only provided with the inculpatory images on a CD which accounted for 1% of the hard drive's capacity. *Id* at 14. Petitioner also recognized that Smith had testified at the criminal trial that having full access to the hard drive before it was wiped clean may have been damaging to his case. *Id* at 15; Trial Transcript, p. 147.

Because there was no dispute that the hard drive was not available to counsel, counsel's performance did not fall below an objective standard of reasonableness when he did not obtain a mirror image of that unit. Similarly, even if counsel should have somehow obtained information that did not exist, petitioner cannot demonstrate prejudice where he made no showing to the PCR trial

19 - OPINION AND ORDER

court, aside from his own self-serving testimony, that there was information on the hard drive that would have been helpful to his defense. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). For these reasons, upon an independent review of the record, petitioner is not entitled to habeas corpus relief under either 28 U.S.C. § 2254(d)(1) or § 2254(d)(2).

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) is denied. The court grants a Certificate of Appealability limited only to the claims petitioner argues in this case; Grounds One(4), Two, Six.

IT IS SO ORDERED.

DATED this 30th day of July, 2013.

_____
Michael H. Simon
United States District Judge

20 - OPINION AND ORDER